972 F.2d 348
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SPAR GAS, INC., Plaintiff-Appellant
v.
AP PROPANE, INC., Defendant-Appellee
 No. 91-6040.
 United States Court of Appeals, Sixth Circuit.
 July 22, 1992.
 
 Before KENNEDY, DAVID A. NELSON and BATCHELDER, Circuit Judges.
 BATCHELDER, Circuit Judge.
 
 
 1
 In the district court, the plaintiff-appellants, Mary Ann Catron, Oval Hitchcock, and Lyle Catron ("Appellants"),[1] moved to dismiss their lawsuit without prejudice. The district court ordered that dismissal would be without prejudice only upon Appellants' paying the costs and reasonable attorneys' fees of the defendant-appellee, AP Propane, Inc. ("AP"). When the Appellants failed to pay the costs and attorneys' fees of AP as required, the court dismissed the case with prejudice. We affirm the district court's conditioning the dismissal without prejudice on payment of AP's costs and attorneys' fees, but reverse the court's determination relating to the fee award.
 
 
 2
 Shortly before the trial in this matter, the Appellants, proceeding pro se,[2] requested a voluntary dismissal of their lawsuit without prejudice. The district court granted the motion conditioned upon their payment of the costs and reasonable attorneys' fees of AP. At the court's direction, AP filed a statement of fees and costs totalling $99,368.03. Appellants opposed that fee statement, arguing in part that the legal work AP had already performed would be reusable in the subsequent suit that Appellants planned to file. In a one-paragraph Memorandum, the district court concluded that AP's hours and expenses were reasonable and ordered Appellants to pay all of AP's fees before being permitted to dismiss their suit without prejudice. On September 4, 1991, the time allotted for Appellants to pay AP's fees having expired, the district court dismissed the case with prejudice.
 
 
 3
 This Court reviews the district court's decision on a Rule 41(a)(2) motion for an abuse of discretion. DWG Corp. v. Granada Investments, Inc., 962 F.2d 1201, 1202 (6th Cir.1992). We will not reverse the court's ruling unless we are left with the definite and firm conviction that the district court "committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." McBee v. Bomar, 296 F.2d 235, 237 (6th Cir.1961); accord United States v. Frost, 914 F.2d 756, 765 (6th Cir.1990); Balani v. I.N.S., 669 F.2d 1157, 1160 (6th Cir.1982) (per curiam).
 
 
 4
 The district court here provided no explanation for his order denying the motion for an unconditional dismissal without prejudice, which makes it far more difficult for this court to review, even for an abuse of discretion. Nevertheless, after a careful review of the record provided to us on appeal, we find no abuse of discretion in the district court's order conditioning dismissal with prejudice on the Appellants' paying AP's reasonable costs and fees. Some of the factors to be considered in determining whether dismissal without prejudice is appropriate are the adequacy of the plaintiff's justification for requesting the dismissal and the prejudice to the defendant. As to the first of these, although Appellants' attorney had moved to withdraw in January, 1991, they waited until April, 1991, just two months before trial, before seeking voluntary dismissal. AP had every reason to believe the litigation would proceed on schedule, since no motion for substitution of counsel was filed. As for prejudice to the defendant, it is plain from the record that AP had incurred some expenses and fees that could not be used in subsequent litigation between the parties. Thus, it was altogether appropriate for the district court to condition a dismissal without prejudice on the Appellants' payment of AP's reasonable costs and fees. Therefore, we AFFIRM the district court's order of April 19, 1991, which conditioned dismissal with prejudice on Appellants' payment of AP's reasonable attorneys' fees and costs.
 
 
 5
 We disagree, however, with the district court's treatment of the fees issue. Under the "American Rule," awards of attorneys' fees are not appropriate except when authorized by statute, Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 249-50, 95 S.Ct. 1612, 1618 (1975); or by court rules, see, e.g., Fed.R.Civ.P. 11, 30(g)(2), 37(a); or if there are exceptional circumstances that justify an exercise of the court's inherent power, Chambers v. NASCO, Inc., 111 S.Ct. 2123 (1990); see Alyeska Pipeline, 421 U.S. at 258-59, 95 S.Ct. at 1622. The rule in this circuit has long been that attorneys' fees are not awardable on a dismissal with prejudice, but are permitted against the dismissing party on a dismissal without prejudice, for the express purpose of "compensat[ing] the defendant for expenses in preparing for trial in the light of the fact that a new action may be brought in another forum." Smoot v. Fox, 353 F.2d 830, 833 (6th Cir.1965).[3] In all situations in which fees are permitted, whether by statute, or by court rule, or in the court's inherent power, the award is to serve a particular purpose, whether it is protecting the defendant from undue prejudice, sanctioning vexatious conduct, or other reasons.
 
 
 6
 The function served by conditioning a plaintiff's voluntary dismissal without prejudice upon payment of the defendant's attorneys' fees and costs is the protection of the defendant from prejudice resulting from the plaintiff's actions. Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir.1987); Conafay v. Wyeth Laboratories, 793 F.2d 350, 353 (D.C.Cir.1986); LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir.1976). Therefore, the district court's discretion in awarding costs and fees is limited "to imposing conditions that will alleviate the harm ... that the defendant will suffer if the motion is granted." McLaughlin v. Cheshire, 676 F.2d 855, 856 (D.C.Cir.1982); LeCompte, 528 F.2d at 604-05. Those courts which have addressed this issue have held that when a district court conditions voluntary dismissal without prejudice upon payment of a defendant's fees, the court should award only those fees representing legal work that could not be used in subsequent litigation on the same claims. Conafay v. Wyeth Laboratories, 841 F.2d 417, 419 (D.C.Cir.1988) (per curiam); Taragan v. Eli Lilly & Co., 838 F.2d 1337, 1340 (D.C.Cir.1988); Cauley v. Wilson, 754 F.2d 769, 772 (7th Cir.1985); Kern v. TXO Production Corp., 738 F.2d 968, 973 (8th Cir.1984); GAF Corp. v. Transamerica Ins. Co., 665 F.2d 364, 369-70 (D.C.Cir.1981).
 
 
 7
 The issue in this case is not, as the dissent would view it, simply whether the fees approved by the district court were reasonable, but whether, even though reasonable, they were appropriate and necessary to compensate the defendants for the harm which they would suffer if the dismissal without prejudice were granted. In approving every cost and fee incurred by AP, the district court in this matter neither identified which fees and costs represented work that could not be used in a subsequent lawsuit by Appellants, nor provided any basis for its apparent conclusion that in the context of this case an award of the full fee sought was necessary to protect the defendant from harm resulting from the dismissal without prejudice.
 
 
 8
 Very recently, this Court confronted a similar situation, although it involved the denial of attorneys' fees upon the granting of a motion for voluntary dismissal without prejudice. There we stated,
 
 
 9
 The difficulty we face is that the court's silence prohibits us from examining the soundness of its discretionary judgment. There may well be convincing reasons for denying the motion for costs. But unless such grounds are made explicit we cannot know for sure.
 
 
 10
 DWG Corp. v. Granada Investments, Inc., 962 F.2d 1201, 1202 (6th Cir.1992). The DWG case makes it clear that the district judge must at least state the reasons for his award of fees.[4]
 
 
 11
 In the present case, the district court's wholesale approval of fees and costs transformed the 41(a)(2) award from a mechanism to protect the defendant into a penalty against the plaintiffs. The district court's failure to exercise its discretion to determine which costs and fees should be awarded to protect AP, constitutes an abuse of discretion.[5] See Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir.1991) (per curiam); LSLJ Partnership v. Frito-Lay, Inc., 920 F.2d 476, 479 (7th Cir.1990); see also Balani v. I.N.S., 669 F.2d 1157, 1161 (6th Cir.1982) (abuse of discretion can occur when decision is not explained). Therefore, we will remand this case to the district court so that it may exercise its discretion within the relatively broad parameters articulated above. The district court may choose to hold a hearing, request additional briefing, or use whatever other procedure it deems appropriate in the exercise of its discretion, to obtain the information and evidence necessary to its determination.
 
 
 12
 For the reasons stated above, we VACATE the judgment entered September 4, 1991, REVERSE the order of June 28, 1991, and REMAND for proceedings consistent with this opinion.
 
 
 13
 DAVID A. NELSON, Circuit Judge, concurring in part and dissenting in part.
 
 
 14
 I agree that the district court did not abuse its discretion in ordering that the voluntary dismissal requested by the plaintiffs after their antitrust action had been pending for more than two years should be conditioned on the plaintiffs' payment of the defendant's reasonable attorney fees and costs. Unlike my colleagues, I am not persuaded that the district court committed a clear error of judgment in accepting the defendant's well-documented attorney fee request as reasonable.
 
 
 15
 Where a case has been "actively pending" for a significant length of time (two years, e.g.), discovery has been virtually completed, and the defendant has expended substantial time and expense defending the case, we have said that "denial of a motion for voluntary dismissal without prejudice is the norm." Ali v. Saint John Hospital, No. 87-1087 (6th Cir., Dec. 30, 1987) (unpublished). And where the court allows the action to be dismissed without prejudice, "[t]he cases permit allowance of attorney's fees against the dismissing party...." Smoot v. Fox, 353 F.2d 830, 832 (6th Cir.1965), cert. denied, 384 U.S. 909 (1966).
 
 
 16
 Both Ali and Smoot were cited to the district court by the defendant in the case now before us. The district court was told, moreover, that
 
 
 17
 "AP has expended substantial efforts in obtaining third-party affidavits and depositions, but an unconditional dismissal will render those efforts all for nought, because much of AP's market research and discovery will be too stale to be used in a later refiled case."
 
 
 18
 In their response to the defendant's fee request, the plaintiffs made no attempt to show that the work the defendant had done would not be stale if the case were to be refiled. Neither did the plaintiffs make any commitment as to when there would be a new filing; the plaintiffs simply said that they were "actively engaged ... in seeking representation" and that they "fully intend[ed] to refile the suite [sic] within 180 days...." The district court was given no assurance that the plaintiffs would in fact obtain representation or that they would start a new action within six months or any other period of time.
 
 
 19
 If the district court had simply denied the motion for a non-suit and dismissed the case for want of prosecution when it came on for trial, there would surely have been no abuse of discretion. The course that the court chose to follow instead strikes me as a less drastic one, given the relatively modest dollar amount of the legal fees that the plaintiffs were invited to pay as a condition to being allowed to dismiss their case without prejudice. (By the time a case of this character has nearly reached the trial stage, unfortunately, defense costs of less than $100,000 can hardly be considered excessive.)
 
 
 20
 It does not seem to me that the decision in DWG Corp. v. Granada Investments, Inc., 962 F.2d 1201 (6th Cir.1992), sheds much light on our problem. In that case, as I understand it, the district court granted a motion for voluntary dismissal without saying anything at all about the defendants' motion for costs and attorney fees. If the district court was not going to allow attorney fees, we said, it needed to explain why. In the instant case, by contrast, the district court did allow reasonable attorney fees as a condition to voluntary dismissal without prejudice, and the record makes it perfectly clear why the court did so. The court did not inexplicably depart from established policies in this case, and its decision cannot be said to have lacked a rational explanation. That being so, I do not read our opinions in Vinci v. Consolidated Rail Corp., 927 F.2d 287 (6th Cir.1991), and Balani v. I.N.S., 669 F.2d 1157 (6th Cir.1982), as suggesting that the brevity of the district court's order requires a reversal here.
 
 
 21
 To the extent that these views differ from those expressed by my colleagues on the panel, I respectfully dissent.
 
 
 
 [1]
 Spar Gas, Inc., is no longer a party to this suit. Appellants moved to substitute themselves for Spar Gas on July 13, 1990, and the motion was granted on August 22, 1990. Appellants' counsel withdrew on January 10, 1991, at which time the Appellants proceeded pro se
 
 
 [2]
 Contrary to their contention, Appellants' status as pro se plaintiffs does not entitle them to any special treatment from the federal courts. Brock v. Hendershott, 840 F.2d 339, 342-43 (6th Cir.1988) (non-prisoner, pro se parties are to receive same treatment as parties represented by counsel)
 
 
 [3]
 Of course, should no subsequent suit be filed, the defendant will have suffered no prejudice at all. In fact, it will have received something of a windfall by having had some of its counsel fees paid, an occurrence that is an exception to the "American Rule."
 
 
 [4]
 The dissent finds DWG Corp. v. Granada Investments, Inc. inapposite because the district court in that case granted a motion for voluntary dismissal "without saying anything at all about the defendants' motion for costs and attorney fees." We read DWG as holding that the failure to address the motion for fees constituted a rejection of the motion, and while such a rejection would be within the sound discretion of the trial court, that court would be required to provide some reason for the rejection of the motion in order to enable the appellate court to evaluate the exercise of the trial court's discretion
 Certainly the granting of $99,000 in attorneys' fees would require at least the same degree of explanation as the denial of a motion for attorneys's fees where both are in relation to a motion for voluntary dismissal without prejudice.
 
 
 [5]
 The dissent contends that had the district court simply denied the motion for non-suit and dismissed the case for want of prosecution when it came on for trial, there would have been no abuse of discretion, and thus, the "less drastic" course which the court chose instead, i.e., conditioning the dismissal on the payment of $99,000 in attorneys' fees, cannot be an abuse of discretion. However, the dismissal for want of prosecution could have been ordered only if in response to the denial of the nonsuit, the plaintiffs in fact failed to prosecute the case further. We do not find that the record on appeal provides any basis for us to assume that result