56 F.3d 65
 1995-1 Trade Cases P 71,030
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SPAR GAS, INC., et al., Plaintiffs-Appellants,
v.
AP PROPANE, INC. Defendant-Appellee.
 No. 93-6035.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1995.
 
 On Appeal from the United States District Court for the Middle District of Tennessee, No. 89-00012; L. Clure Morton, Judge.
 M.D.Tenn.,[APPEALING AFTER REMAND, 972 F.2d 348].
 VACATED.
 Before: NELSON and DAUGHTREY, Circuit Judges, and CHURCHILL, District Judge.*
 DAVID A. NELSON, Circuit Judge.
 
 
 1
 This is an appeal from an order dismissing an antitrust suit with prejudice after the plaintiff, which had sought a voluntary nonsuit less than three months before trial was scheduled to begin, failed to make a payment of attorney fees, costs, and interest set by the district court as a condition to dismissal without prejudice.
 
 
 2
 This court had previously affirmed an order conditioning dismissal without prejudice on payment by the plaintiff of the defendant's reasonable attorney fees and costs. We had remanded the case, however, to let the district court determine explicitly whether and to what extent the cost of defending a new lawsuit would be lessened by virtue of the costs incurred in defending the old one. Only the cost of work that could not be used in subsequent litigation between the parties, we indicated, should be shifted to the plaintiff.
 
 
 3
 On remand the district court interpreted our order as having affirmed the overall reasonableness of the defense costs claimed originally. Concluding that most of the work covered by the fees in question would not be usable in new litigation, the district court granted only a slight reduction in the amount chargeable to the plaintiff. The court also imposed a charge for interest that had not been sought by the defendant.
 
 
 4
 The issues raised in the present appeal are (1) whether the district court misinterpreted our holding as to the overall reasonableness of the fees; (2) whether the district court abused its discretion in determining, without a line-by-line analysis of the legal bills, that no more than one percent of the work for which the defendant had been billed would be usable in a subsequent lawsuit; and (3) whether the district court abused its discretion in adding an interest charge. We resolve the first two issues in favor of the defendant and the last in favor of the plaintiff. The order appealed from will be vacated, and the plaintiff will be given an opportunity to obtain a dismissal without prejudice upon payment of the sum fixed by the district court without interest.
 
 
 5
 * This case, filed in the United States District Court for the Middle District of Tennessee on February 14, 1989, was brought in the name of "Spar Gas, Inc.,"[1] against AP Propane, Inc. The complaint alleged that the defendant, AP Propane, had monopolized and attempted to monopolize the distribution and retail sale of liquified petroleum gas in the Cumberland Plateau area of Tennessee in violation of Sec. 2 of the Sherman Act. The case was eventually set for trial on June 24, 1991.
 
 
 6
 On April 1, 1991, its lawyer having withdrawn as counsel in the case, Spar Gas moved for a voluntary nonsuit pursuant to Rule 41, Fed. R. Civ. P. The district court ordered that the action be dismissed without prejudice upon payment of the defendant's reasonable attorney fees and costs, and the defendant was ordered to submit a formal statement of its fees and costs for review by the court.
 
 
 7
 A statement subsequently filed by the defendant showed fees and disbursements totaling $99,368.03. The statement incorporated some 90 pages of legal bills detailing what each of the attorneys and paralegals employed in the defense of the case had done and how much time -- to the nearest tenth of an hour -- he or she had taken to do it. The statement also incorporated an affidavit setting forth the professional qualifications of the attorneys and the standard hourly rates at which their time and that of the paralegals was billed.
 
 
 8
 Spar Gas filed a response in which it did not challenge the reasonableness of the fees and expenses claimed by the defendant. The response represented that Spar Gas was actively seeking new counsel, however, and intended to refile the lawsuit in substantially the same form by mid-November of 1991. In the new suit, Spar Gas argued, the defendant "should not sustain additional charges" for legal work already performed; thus, according to Spar Gas, "[t]he defendant will not be prejudiced by having paid their attorneys in the defense of this matter ...."
 
 
 9
 The district court did not find the "no prejudice" argument persuasive, and Spar Gas was ordered to pay the full $99.368.03 within thirty days or suffer a dismissal with prejudice. A motion to alter or amend this order was denied, Spar Gas failed to pay, the suit was dismissed with prejudice, and the first appeal ("Spar Gas I") followed.
 
 
 10
 A divided panel vacated the dismissal order. Spar Gas, Inc. v. AP Propane, Inc., No. 91-6040, 1992 WL 172129 (6th Cir. July 22, 1992) (unpublished). The issue in that appeal, as the majority saw it, was not simply one of the reasonableness of the fees; the issue, rather, was whether the fees, "even though reasonable," represented work that could not be used in a subsequent lawsuit. Id. at 5. The district court not having addressed that issue explicitly, the case was remanded for further proceedings.
 
 
 11
 On remand Spar Gas filed a brief in which it argued not only that defendant AP Propane could use its legal work-product in any renewed antitrust litigation, but also that AP had "failed to show that its defense costs were all reasonable, necessary, and appropriate." AP responded that the reasonableness of its fees and costs had already been established.[2] The district court agreed, noting in its memorandum opinion that "[t]he Court of Appeals affirmed the reasonableness of the attorney fees ...."
 
 
 12
 The district court read Spar Gas I correctly. The point may not have been made as clearly as it could have been, but we can state with some authority that the Spar Gas I panel did indeed consider the fees approved by the district court to have been reasonable. On reexamination of the detailed statement of fees and costs, and in light of the failure of Spar Gas to challenge the reasonableness of the charges in the first instance, we see no reason to question that conclusion.
 
 II
 
 13
 The district court found, given "the unusual circumstances of this case," that very little, if any, of the legal work-product created by AP's lawyers would be salvageable for use in any other action filed by Spar Gas. The court explained that in its experience the theories upon which antitrust suits are filed undergo considerable change during the course of discovery. (As AP pointed out in a hearing on the matter, monopolization "is not a static area; this is not like a car accident, or a civil rights case in which an officer shoots somebody and those are the facts.") The court further explained that the bulk of the effort expended by AP had been devoted to trying to get the case to trial, to compelling discovery, to getting information by interrogatories, to preparing a summary judgment motion and supporting affidavits, and to working out a proper protective order. Although the affidavits concerning AP's market share in 1990 might seem to be salvageable, the court thought it unlikely that they would be -- and the court was not persuaded that the rest of the work in question would be of any particular utility in a new lawsuit. Out of what it called "an abundance of precaution," however, the court deducted one percent of the amount originally claimed, in addition to deducting the $360 referred to in note 2 above, thereby reducing the award to $98,014.35.[3]
 
 
 14
 Spar Gas contends that the figure reached by the district court in this manner represents an abuse of the court's discretion.[4] Pointing to a significant number of hours devoted by AP's lawyers to discovery matters, legal research, interviews with third parties, preparation of pleadings and certain other discrete categories of work, Spar Gas suggests that the court was required as a matter of law to find the work reusable in a new lawsuit. Spar Gas also suggests that the court was required to conduct a line-by-line review of the legal bills, analyzing each separate time charge individually and determining whether the unit of work recorded there was or was not work that would have utility in another lawsuit. Neither suggestion is well taken, in our view.
 
 
 15
 The parameters within which the district court was required to exercise its discretion were, as the Spar Gas I panel explained, "relatively broad." Id. at 7. A fair reading of the majority opinion would suggest that the district court was being asked either to identify "which fees and costs represented work that could not be used in a subsequent lawsuit," or to provide some explanation of why "in the context of this case an award of the full fees sought was necessary to protect the defendant from harm resulting from the dismissal without prejudice." Id. at 5-6. The district court took the latter approach, basically, and we cannot fault it for doing so.
 
 
 16
 Neither can we say that the district court abused its discretion in finding that substantially all of AP's expenses represented money down the drain. Most trial lawyers with experience in antitrust matters can attest that antitrust cases are, as the district court indicated, unusual in their fluidity; the legal theories on which such cases are brought tend to go through an evolutionary process as the litigation progresses, while the relevant factual picture is usually dynamic, like a movie, rather than static, like a snapshot. This particular case seems to have been somewhat unusual, moreover, in the extent to which the defendant had to expend legal effort on attempts, in the words of the district court, "to get the plaintiffs to move off center, to get the case moving ...."
 
 
 17
 We note, in addition, that by June of 1994, when AP filed its brief in the current appeal, AP represented that it still had not been served with a complaint in the new lawsuit that Spar Gas had said it would bring. We are told that such a complaint was filed pro se in the Eastern District of Tennessee on March 31, 1994, but the Eastern District action was not pending when the order appealed from here was entered in the Middle District.
 
 
 18
 In this respect the situation before us differs from that presented in GAF Corp. v. Transamerica Ins. Co., 665 F.2d 364 (D.C. Cir. 1981), a case discussed at some length in the parties' briefs. In GAF a parallel case was already pending in another jurisdiction when the Rule 41(a)(2) order was entered. The Court of Appeals remanded the action that had been dismissed, instructing the district court to determine whether and to what extent the attorney fees and costs awarded therein would be useful in the parallel litigation. Id. at 369. On remand the district court eliminated a charge for work admittedly performed after the dismissal and a charge for preparing affidavits that were filed verbatim in the parallel action, but otherwise kept the award intact. GAF Corp. v. Ins. Co. of North America, 96 F.R.D. 188, 191 (D.D.C. 1982). The district court found it impossible to determine how much of the original legal research had been used in the parallel action; found that there was no significant discovery that could be beneficial there; and found that most of the fee award items objected to as "useful elsewhere" were, in fact, "unlikely to be and have not been so used ...." Id.
 
 
 19
 In the case at bar no parallel lawsuit had even been filed. The district court thus could not be sure how closely a new lawsuit would track the old one at its inception, much less in maturation, and the task of determining whether the work done in the past would have any utility in the future was obviously more difficult. This circumstance, we believe, suggests a need for greater tolerance on our part in determining whether the district court abused its discretion. It is important to bear in mind, in this connection, that the timing of the new lawsuit, its content, and the forum in which it would be filed were all within the control of the plaintiff.
 
 
 20
 On the record before us there can be no presumption that any discovery obtained in this case would materially reduce the cost of discovery in a future case. Kern v. TXO Production Corp., 738 F.2d 968 (8th Cir. 1984), on which Spar Gas relies, calls for no such presumption.
 
 
 21
 The plaintiff in Kern owned the surface rights to a five-acre parcel of land, while the defendant owned a mineral interest therein. The plaintiff contended that a gas well drilled on her property by the defendant had reduced the value of the surface rights more than was necessary. The Eighth Circuit held that it was an abuse of discretion to grant the plaintiff a voluntary nonsuit during the trial of her case without providing for the payment of the defendant's legal costs in the event of a new action being filed later. Ascertainment of the amount of legal costs was left to the district court, the Court of Appeals observing in dicta that it "may not be appropriate to include all of the lawyers' fees reasonably incurred ...." Id. at 972. "We assume, for example," the court went on to say, "that any discovery taken in the first action should be freely useable in the second ...." Id. at 973.
 
 
 22
 The district court was not required to make a similar assumption here. This case had not gone to trial, and Spar Gas seems to have been far from ready for trial. If Spar Gas had a viable antitrust claim -- a proposition that may have seemed doubtful to the lawyer who withdrew as counsel for Spar Gas -- the contours of the claim remained to be defined. The district court, which was closer to the case than we are, thought that not even the affidavits concerning AP's market share in 1990 would be salvageable -- and we are not left with any definite and firm conviction that the district court erred in its assessment of the situation. Had we been in that court's shoes we might have been inclined to allocate a somewhat smaller percentage of the fees to Spar Gas, but our experience suggests that with a new lawyer prosecuting a new suit in a new forum, most of the work performed in defending the original lawsuit would have to be repeated,[5] -- and we are not convinced that the trial court abused its discretion in making the allocation it did.
 
 III
 
 23
 Although AP never requested interest, the district court ordered Spar Gas to pay attorney fees and costs in the amount of $98,014.35"plus interest assessed from June 28, 1991." No authority was cited to support the award of interest. Spar Gas contends on appeal that the district court abused its discretion in awarding interest, and AP has not argued otherwise. Under the circumstances, we find the assignment of error well taken.
 
 
 24
 The order appealed from is VACATED, and the case is REMANDED to the district court with instructions to accord Spar Gas an opportunity to dismiss its lawsuit without prejudice upon payment to the defendant of the sum of $98,014.35 without interest.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The defendant subsequently showed that the charter of Spar Gas, Inc. had been revoked for non-payment of taxes. The district court therefore allowed the substitution as plaintiffs of three individuals "d/b/a Gas, Inc." For convenience, we refer to the plaintiffs in the singular as if the corporation were still in good standing
 
 
 [2]
 AP acknowledged, however, that two of its time charges, totaling $360, pertained, in whole or in part, to work performed on a companion case. The district court subsequently deducted the $360 from the amount Spar Gas was required to pay
 
 
 [3]
 If there had been any particular magic about the one percent factor, the $360 ought logically to have been deducted before the one percent deduction was calculated rather than afterwards. The difference, however -- $3.68 -- is de minimis, and the error benefits Spar Gas, not AP
 
 
 [4]
 "In fact," Spar Gas says in its reply brief, "it is not clear from the record whether the district court even reviewed the briefing papers. ..." In the very order appealed from, however, the district court explicitly noted that it had considered the parties' legal memoranda
 
 
 [5]
 Under the circumstances of this case, for example, there is no reason to suppose that the time spent in working out a protective order in the original suit would save any time in working out a protective order for a new suit