### KRAFFT v. COHEN et al.

### No. 494.

District Court, E. D. Pennsylvania.

May 20, 1941.

Harry Langsam and Harry R. Kozart, both of Philadelphia, Pa., for plaintiff.

Henry N. Paul, Jr., John H. Austin, and Nathan Teitelman, all of Philadelphia, Pa., for defendants.

KALODNER, District Judge.

On March 6, 1940, this court awarded damages to plaintiff for infringement of copyright by the defendants and enjoined further infringement: Kraft v. Cohen, 32 F.Supp. 821.

The judgment of this court was reversed by the United States Circuit Court of Appeals (Krafft v. Cohen, 3 Cir., 117 F.2d 579) on the ground that the plaintiff's copyright notice was defective.

Defendants now move the court for an order allowing attorney's fee as the prevailing party, under the Copyright Act, Section 40, Title 17 U.S.C.A.

█ It is well settled that allowance of attorney's fee is within the discretion of the court. See Buck et al. v. Bilkie, 9 Cir., 63 F.2d 447; Buck et al. v. Crescent Gardens Operating Co. et al., D.C., 28 F. Supp. 576.

█ In the instant case I am of the opinion that there should be no allowance made of an attorney's fee to the defendants. The defendants here knowingly copied plaintiff's pictures and made use of them to their own profit. The situation here is similar to that in Basevi v. Edward O'Toole Co., D.C., 26 F.Supp. 41, 50.

The plaintiff's action was brought in good faith and, while he failed to establish his "legal" right to recovery, the evidence clearly demonstrated the appropriation of the plaintiff's handiwork by the defendants. See Corcoran v. Montgomery Ward & Co. et al., D.C., 32 F.Supp. 422.

Accordingly, the defendants' motion for allowance of attorney's fee is denied.

Sur Appeal from Clerk's Taxation of Costs

█ The appeal from the clerk's taxation of costs is without merit, and must be denied.

Section 40 of the Copyright Act, Title 17 U.S.C.A. § 40, is mandatory with respect to the allowance of full costs: Witmark & Sons v. Pastime Amusement Co., D.C., 298 F. 470; Towle v. Ross, D.C., 32 F.Supp. 125; Detective Comics v. Bruns Publications, D.C., 28 F.Supp. 399; Eisman v. Samuel Goldwyn, Inc., D.C., 23 F. Supp. 519.