**UNIFLOW MFG. CO. v. SUPERFLOW MFG. CORP. et al.**

**Civ. A. No. 26937.**

United States District Court
N. D. Ohio, E. D.

Sept. 18, 1950.

John F. Oberlin, Cleveland, Ohio, Harvey L. Lechner, Alfred C. Aurich, of Philadelphia, Pa., Florian G. Miller, Erie, Pa., for plaintiff.

Wm. C. McCoy, Frederic M. Bosworth, Stanley M. Clark, Paul Clarke, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is a patent and copyright infringement action.

Plaintiff has dismissed the copyright infringement action. Section 116, 17 U.S.C.A. provides that in such actions the prevailing party shall be awarded its full costs and the court may award reasonable attorneys' fees as part of such costs. A voluntary dismissal by plaintiff after the defendant has taken depositions and filed a motion for more definite statement makes the defendant the prevailing party. Corcoran v. Columbia Broadcasting System, 9 Cir., 121 F.2d 575. However, from the exhibits on file in this action it appears that defendant has appropriated plaintiff's copyrighted material. Even though plaintiff cannot enforce its copyright, such conduct on the part of the defendant calls for a denial of its application for attorney fees. Advertisers Exchange v. Anderson, 8 Cir., 144 F.2d 907; Kraft v. Cohen, D.C., 38 F.Supp. 1022; Aldrich v. Remington Rand, D.C., 52 F.Supp. 732. Attorneys' fees will be denied, but if plaintiff at a later date reinstitutes the copyright action it will be required to pay the attorneys' fees as a condition therefor.

Actual costs must be awarded to the defendant. However, some of the items in the cost bill must be allocated between the copyright and patent action. At this time

the court does not have the necessary information to make such allocation and the award must await further hearing at trial.