**Lester CHAMBERS, d/b/a the Chambers Brothers, et al., Plaintiffs,**

v.

**TIME WARNER, INC., et al., Defendants.**

**No. 00 CIV. 2839(JSR).**

United States District Court, S.D. New York.

Aug. 29, 2003.

---

Fred Taylor Isquith, Wolf Haldenstein Adler, Freeman & Herz LLP, New York, NY, Lawrence Feldman, Mark C. Rifkin, Steven Tyson, Feldman & Rifkin, LLP, Jenkintown, PA, for Plaintiffs.

Robert Juman, Jeffrey Conciatori, Michael Carlinsky, Quinn, Emanuel, Urquhart, Oliver & Hedges, Jay Cohen, Paul, Weiss, Rifkind, Wharton & Garrison, New York, NY, for Sony Corporation of America (Substituted for O'Melveny & Myers per substitution dated June 12, 2000).

Katherine B. Forrest, Cravath Swaine & Moore, New York, NY, for Time Warner, Inc.

Charles B. Ortner, Kevin J. Perra, Proskauer Rose LLP, New York, NY, for BMG Music d/b/a BMG Entertainment.

Suzan Arden, Pryor Cashman Sherman & Flynn, New York, NY, Russell J. Frackman, Jeffrey Goldman, Mitchell Silberberg & Knupp LLP, Los Angeles, CA, Steven B. Fabrizio, Jenner & Block, LLC, Washington, DC, Michael G. Rhodes, James J. Donato, Cooley Godward LLP, San Diego, CA, for Universal Music Group, Inc. (California counsel admitted pro hac vice per order dated July 17, 2000).

Martin Glenn, O'Melveny & Myers LLP, New York, NY, for Sony substituted out on June 12, 2000.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Defendants Time Warner, Inc., BMG Entertainment, Inc., Universal Music Group, Inc., and their predecessors (collectively the "Record Companies")[1] seek to recover their attorneys' fees under the "fee-shifting" provisions of the Copyright Act, 17 U.S.C. § 505. Plaintiffs have argued in response that they, if anyone, are

---

1. Another record company, defendant Sony Music Entertainment, Inc. resolved this issue with plaintiffs and did not join the Record Companies' motion. *See* Defendants' Brief in Support of Motion for Costs and Attorneys' Fees, at 1 n. 1. The only other defendant, MP3.com, Inc. ("MP3.com") was never implicated by this issue.

the prevailing parties in this action and that defendants' motion is made in bad faith and vexatiously, warranting sanctions pursuant to 28 U.S.C. § 1927.

By way of background, plaintiffs' original and first amended complaints in this case alleged federal copyright and trademark violations, as well as state law claims, and premised jurisdiction on 28 U.S.C. § 1331 (federal question). *See* Declaration of Jeffrey D. Goldman, dated April 3, 2003 ("Goldman Decl."), Ex. A (Complaint, dated April 12, 2000), Ex. B (First Amended Complaint, dated June 8, 2000). The Court dismissed plaintiffs' complaint as to all defendants pursuant to Federal Rule of Civil Procedure 12(b)(6), *see Chambers v. Time Warner, Inc. et al.,* 123 F.Supp.2d 198, 202 (S.D.N.Y.2000), but the Court of Appeals reversed on the ground that this Court had considered matters outside the pleadings, and remanded to this Court for further proceedings, *see Chambers v. Time Warner, Inc., et al.,* 282 F.3d 147, 154–56 (2d Cir.2002).

Following remand, and with the Court's permission, plaintiffs filed a Second Amended Complaint, which alleged both federal and state claims against co-defendant MP3.com but asserted only state claims against the Record Companies. *See* Goldman Decl., Ex. J (Second Amended Complaint, dated May 28, 2002). The

Record Companies then moved to dismiss the Second Amended Complaint for lack of subject matter jurisdiction. Before the Court could decide that motion, however, the parties entered into a stipulation of dismissal, pursuant to which the plaintiffs agreed to dismiss the Second Amended Complaint "against all defendants other than MP3.com, for lack of subject-matter jurisdiction." [2] Goldman Decl., Ex. L (Stipulation of Dismissal, dated June 27, 2002).

After the Court approved the stipulation on June 28, 2002, the Record Companies brought the instant motion for recovery of costs and attorneys' fees.[3] Noting that § 505 of the Copyright Act provides that the Court may "award a reasonable attorney's fee to the prevailing party as part of the costs," the Record Companies argued that they were "prevailing parties" with respect to the federal copyright claims originally brought against them that plaintiffs had now stipulated to dismiss. After initial briefing and argument, the Court, on March 12, 2003, ruled, in response to plaintiffs' threshold jurisdictional objection, that the Court retained subject-matter jurisdiction (notwithstanding the dismissal) to award costs, including attorneys' fees, pursuant to the Copyright Act. *See Chambers v. Time Warner,* No. 00 Civ.

---

**2.** The parties further stipulated and agreed that the plaintiffs "may re-file any of the claims asserted against the record company defendants in the Second Amended Complaint in any state court of competent jurisdiction, but may not re-file any of the claims asserted against the record company defendants in the First or Second Amended Complaints, or arising from the same facts and circumstances, in any other federal court." Goldman Decl., Ex. L (Stipulation). Subsequently, plaintiffs did file the reserved claims in New York State court, where they were promptly dismissed on the merits. *See Silvester v. Time Warner, Inc.,* 763 N.Y.S.2d 912 (N.Y.Sup.Ct. 2003).

**3.** Despite plaintiffs' arguments to the contrary, the motion was timely made. Federal Rule of Civil Procedure 54(d)(2)(B) provides that "[u]nless otherwise provided by statute or court order, the motion [for attorneys' fees] must be filed and served no later than 14 days after entry of the judgment . . . ." Fed.R.Civ.P. 54(d)(2)(B). Entry of judgment requires an express order of the Court. *See* Fed.R.Civ.P. 54(b). Here, because the case remained open as to MP3.com, the Court, although approving the Stipulation of Dismissal on June 28, 2002, did not direct the Clerk to enter judgment.

2839, 2003 WL 1107790, at *1 (S.D.N.Y. March 12, 2003). Thereafter, the Court received further briefing on the substantive merits of the motion, and plaintiffs cross-moved for sanctions pursuant to 28 U.S.C. § 1927. *See* Plaintiffs' Brief in Opposition to the Record Companies' Motion for an Award of Attorneys' Fees, at 24–25. The Court now reaches the merits.

■ Section 505 of the Copyright Act is one of several federal statutes that overrides the normal "American" rule that a party pays its own attorneys fees, providing instead that a "prevailing party may recover its attorneys fees." Recently, however, in *Buckhannon Bd. and Home Care v. W. Va. Dept. of Health and Human Serv.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), the Supreme Court held that for purposes of such statutes, a party is not a "prevailing party" where it has failed to secure a judgment on the merits or a court-ordered consent decree.[4] To be considered a prevailing party, there must be a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon*, 532 U.S. at 605, 121 S.Ct. 1835. *See also Union of Needletrades, Industrial and Textile Employers v. United States Immigration and Naturalization Serv.*, 202 F.Supp.2d 265, 280 (S.D.N.Y.2002) (holding that, in light of *Buckhannon*, "the notion of a litigant 'prevailing' for the purposes of the fee-shifting statutes must be understood to demand some success on the merits *incorporated in a judgment or other judicial decree.*") (emphasis added).

■ In the instant case, there originally was a judgment on the merits, *see Chambers*, 123 F.Supp.2d at 202 (dismissing the complaint as to all defendants), but that judgment was reversed and remanded to this Court for further proceedings, *see Chambers*, 282 F.3d at 154–56, and, therefore, cannot serve as the basis for the Record Companies' claim to prevailing party status. While, following remand, plaintiffs filed a Second Amended Complaint that withdrew all copyright claims against the Record Companies, this was a voluntary act and did not involve any judicial determination that these claims could not withstand a renewed motion to dismiss or otherwise. Although it is true that in certain circumstances and for certain purposes such an amendment may be considered the equivalent of a decision on the merits, *see Israel v. Carpenter*, 120 F.3d 361, 365 (2d Cir.1997), here the Court did not exercise that degree of judicial oversight and involvement in permitting the amendment to make it the equivalent of a judgment, consent decree, or other such judicial determination meeting the standards of *Buckhannon.*

As for the Court's approval of the subsequent stipulation dismissing the rest of the case against the Record Companies for lack of subject matter jurisdiction, this included no determination whatever regarding the copyright claims but simply a determination that, in the absence of any surviving federal claim against the Record Companies and the absence of any party requesting that the Court exercise supplemental jurisdiction, the Court would not exercise supplemental jurisdiction over the surviving pendant claims against the Record Companies. Moreover, the stipulation cannot plausibly be considered a consent decree, because the Court did not retain

---

**4.** Although *Buckhannon* concerned the fee-shifting provisions of the Fair Housing Amendments Act of 1988 and the Americans with Disability Act of 1990, it is clear that *Buckhannon* applies with equal force to the fee-shifting provision of the Copyright Act at issue here. *See, e.g., Buckhannon*, 532 U.S. at 602–03 & 603 n. 4, 121 S.Ct. 1835; *J.C. v. Reg'l. Sch. Dist. 10, Bd. of Educ.*, 278 F.3d 119, 124 (2d Cir.2002).

jurisdiction to enforce the terms of the agreement. *See, e.g., Sonii v. General Electric,* No. 95 C 5370, 2003 WL 21541039 (N.D.Ill. June 11, 2003), at *5–6; *see also Roberson v. Giuliani,* No. 99 Civ 10900, 2002 WL 253950 at *3–6 (S.D.N.Y. Feb. 21, 2002), (holding that plaintiff was not the "prevailing party" for purposes of awarding attorney's fees even where the Court retained jurisdiction to enforce the terms of a settlement agreement, because there was insufficient "judicial sanctioning" of the alteration of the parties' legal relationship).

As noted above, plaintiffs have also claimed (by way of argument) that they are the "prevailing parties" in this action, but this claim is wholly without merit in light of *Buckhannon.* Plaintiffs allege that the Record Companies, prodded by this lawsuit, made payments to certain of the plaintiffs of portions of the proceeds the Record Companies had previously received from related litigation against MP3.com. Even assuming, *arguendo,* that plaintiffs' factual contentions were correct, the Supreme Court in *Buckhannon* expressly rejected the "catalyst theory" upon which plaintiffs' legal argument rests. *See Buckhannon,* 532 U.S. at 601, 121 S.Ct. 1835 ("A defendant's voluntary change in conduct ... lacks the necessary judicial *imprimatur* to render the plaintiff a prevailing party."). Accordingly, plaintiffs' theory is without merit.

As for plaintiffs' application (it is not even a formal motion) for sanctions under § 1927, it borders on the frivolous. Defendants' motion, far from being made vexatiously or in bad faith, is colorable and, were it not for *Buckhannon,* might well have prevailed.

For the foregoing reasons, both the Record Companies' motion for attorneys' fees and plaintiffs' application for sanctions are hereby denied.

SO ORDERED.