**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**ALPHA MEDICAL, INC.,**
**Defendant–Appellant,**

**William T. Rogers, et al., Defendants.**

No. 03–5652.

United States Court of Appeals,
Sixth Circuit.

April 27, 2004.

Matthew T. Morris, Asst. U.S. Attorney, U.S. Attorney's Office, Knoxville, TN, Richard G. Vartain, Michael Jay Singer, Michael E. Robinson, U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

William T. Ramsey, Neal & Harwell, Nashville, TN, for Defendant–Appellant.

Before GUY and GILMAN, Circuit Judges; and BARZILAY, Judge.*

* The Honorable Judith M. Barzilay, United States Court of International Trade, sitting by

## ORDER

Alpha Medical, Inc. (Alpha) appeals a district court order denying its motion for costs as a prevailing party pursuant to 28 U.S.C. §§ 1920 and 2412, Fed.R.Civ.P. 54, and E.D. Tenn. R. 54.1. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In August 1997, the United States charged Alpha, along with two individual and one corporate codefendants, with submitting false and/or fraudulent claims to the U.S. Department of Health and Human Services's Health Care Financing Administration. The government alleged that these claims included certain management fees which were non-reimbursable because the claimants were related to their management company (Alpha) and its owner (William Rogers) through business and personal association within the meaning of Medicare's rules and regulations. A first amended complaint, filed on December 5, 2000, added several defendants and claims.

On January 8, 2002, the United States announced in open court that it was dismissing with full prejudice all claims pending against Alpha. Accordingly, on March 8, 2002, the district court entered an order of dismissal with prejudice. The United States subsequently moved to dismiss its action against the remaining defendants in light of a settlement agreement that had been reached on March 1, 2002. The district court, thereupon, issued an order dismissing the remaining defendants pursuant to Fed.R.Civ.P. 41(a)(2).

On April 5, 2002, Alpha presented a bill of costs against the government, with a supporting memorandum. Alpha sought over $350,000 in attorneys fees and $13,124.60 in costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, as well as 28 U.S.C. § 1920, Fed.R.Civ.P. 54, and Local Rule 54.1. The government opposed the motion for costs.

In a memorandum and order entered on April 3, 2003, the district court denied Alpha's motion for attorneys fees and costs. After reviewing the lengthy record, the district court concluded that Alpha's motion should be denied because, although it found that Alpha was technically a prevailing party, this was an appropriate case for the court to exercise its discretion under § 2412(a)(1) and decline to award costs. The district court further found that the position of the United States was substantially justified and that the voluntary dismissal was based upon Alpha's lack of assets to satisfy a judgment rather than any lack of merit in the government's case; consequently, the district court denied Alpha's request for attorneys fees.

On appeal, Alpha abandons its request for attorneys fees, but argues that the district court erred in denying its application for costs.

Upon review, we conclude that the district court did not abuse its discretion in denying Alpha's motion for costs. *See Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir.), *cert. denied*, —— U.S. ——, 124 S.Ct. 143, 157 L.Ed.2d 97 (2003). A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law, or uses an erroneous legal standard. *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 237 (6th Cir.2003).

Section 2412(a)(1) provides, in pertinent part:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and ex-

designation.

penses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

Alpha argues that, because it was dismissed from this action, it is a prevailing party entitled to recover costs under § 2412(a)(1). The United States argues that Alpha is *not* a prevailing party as that term is defined by the Supreme Court and that, in any event, the district court properly exercised its discretion to deny costs under the facts of this case.

There is no clear precedent, particularly in this circuit, as to whether a plaintiff's voluntary dismissal with prejudice, motivated by pure practicality rather than by any merit in the defendant's position, makes the defendant a "prevailing party" for purposes of an award of costs. However, we need not resolve that question at this time because, even if it is assumed that Alpha is a prevailing party, as the district court determined in this case, the denial of costs is properly affirmed.

This was a lengthy and complex case with which the district court was closely familiar. Upon careful consideration, the district court concluded that it was appropriate to decline to award costs to Alpha in this case. This conclusion was based upon the context in which the government's voluntary dismissal occurred. Alpha's counter-arguments are insufficient for us to find an abuse of discretion.

Accordingly, the district court's order is affirmed.