**BRIDGEPORT MUSIC, INC., et al.**

v.

**LONDON MUSIC, U.K., et al.**

**No. 3:01–0711.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Nov. 12, 2004.

www.sos.state.oh.us/sos/results/index.html.

Richard S. Busch, Ramona P. DeSalvo, King & Ballow, Nashville, TN, for Bridgeport Music, Inc., Southfield Music, Inc.

Philip Michael Kirkpatrick, Stewart, Estes & Donnell, Amy J. Everhart, Bowen, Riley, Warnock & Jacobson, PLC, Nashville, TN, for London Music, U.K., Universal–Songs of Polygram International, Inc., Songs of Polygram International, Inc., Universal Music Publishing, Inc., individually suc Polygram Music Publishing, Inc., Universal Records, Inc., Universal Music Group, Inc.

## MEMORANDUM

HIGGINS, District Judge.

Currently pending are motions (Docket Entries No. 84, 89) from both sides of this litigation addressing whether the defendants are entitled to an award of costs and fees as the result of the stipulation of dismissal of this action. For the reasons set forth below, the defendants' motion for costs and fees shall be denied, and the plaintiffs' motion for denial of such fees and costs shall be granted.

## I. HISTORY

This action was opened on August 1, 2001, upon the severance of the particular claims presented herein from the original and unworkably extensive Case No. 3:01–0412. The plaintiffs filed their First Amended Complaint on September 28, 2001 (Docket Entry No. 10). Defendants filed a motion (filed October 22, 2001; Docket Entry No. 15) to dismiss or strike certain claims, which was denied, (Order entered November 5, 2001; Docket Entry No. 20), and answered the complaint on November 21, 2001. (Docket Entry No. 26). On February 4, 2002, the defendants filed a notice (Docket Entry No. 48) of motion for partial summary judgment, the motion having been filed in a related case but pertaining in part to this action. This case was stayed by Order of the Court from February 8, 2002, until September 5, 2002 (see Docket Entries No. 49, 50), and again from March 3, 2003 until its termination. (Docket Entry No. 73). In the interim, the Court denied the defendants' summary judgment motion without prejudice. (Docket Entry No. 60). On March 5, 2004, the Court lifted the stay for the limited and sole purpose of permitting written discovery to be submitted on April 12. (Docket Entry No. 81). Instead, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, the parties submitted their stipulation of dismissal with prejudice on April 9, which the Court entered as the judgment in this matter on April 13, 2004. (Docket Entry No. 83).

## II.  PREVAILING PARTIES

### A.  Legal Nature of a Stipulation of Dismissal

The current dispute hinges on whether the stipulation of dismissal with prejudice pursuant to Rule 41(a)(1) makes the sole remaining defendants by that point, the Universal defendants, prevailing parties entitled to attorney fees under section 505 of the Copyright Act. 17 U.S.C. § 505 provides as follows:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

Oft-cited law within this circuit and elsewhere has historically stood for the proposition that a plaintiff's voluntary dismissal of his action makes the defendant a prevailing party entitled to costs and fees. *See Uniflow Mfg. Co. v. Superflow Mfg. Corp.*, 10 F.R.D. 589 (N.D.Ohio 1950); *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir.1997) (later abrogated on other grounds); *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir.1985).  The reasoning behind these holdings is that a voluntary dismissal with prejudice results in the same practical outcome as a judgment for the defendant on the merits—a conclusion to the litigation and a bar to further litigation on the same issue between the parties. As the Sixth Circuit has stated, "[a]n adjudication in favor of the defendants, by court or jury, can rise no higher than this." *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964).

Based on this reasoning, the Eastern District of Tennessee held last year that a defendant was a prevailing party under 28 U.S.C. § 2412(a)(1) where the United States voluntarily dismissed its enforcement action:

> The order entered by this Court ... dismissing the government's claims against Alpha with prejudice based on the government's Rule 41(a)(2) voluntary dismissal is a judicially sanctioned material alteration in the legal relationship between Alpha and plaintiff United States. It is tantamount to a judgment on the merits and is sufficient to confer on Alpha the status of a prevailing party for the purpose of awarding costs and attorney's fees pursuant to 28 U.S.C. § 2412.

*United States v. Estate of Rogers*, No. 1:97–CV–461, 2003 WL 21212749, at \* 5 (E.D.Tenn. April 3, 2003) (going on to deny fees on other grounds).  While there is some logic to this conclusion, it simply does not square with the explicit proclamations regarding what is required to be a prevailing party by the Supreme Court in *Buckhannon Board and Care Home v. West Va. Dept. of Health and Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

In rejecting the catalyst theory as a basis for a plaintiff's prevailing party status in a case where the defendant voluntarily changed its offending behavior, *Buckhannon* clarified that a prevailing party is one who has been awarded some relief *by the court*, by virtue of a judgment on the merits or court-ordered consent decree, effecting a material alteration of the legal relationship of the parties.  *Id.* at 603–604, 121 S.Ct. 1835.  The Court noted that it had never awarded attorney fees for a "nonjudicial alteration of actual circumstances," and explained that voluntary conduct by a party is insufficient:

> A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial

*imprimatur* on the change. Our precedents thus counsel against holding that the term "prevailing party" authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties.

*Id.* at 605, 121 S.Ct. 1835.

Nevertheless, the *Rogers* court emphasized the *practical effects* of voluntary dismissal with prejudice, and overlooked the *legal nature* of voluntary dismissal. It is true that a plaintiff's voluntary dismissal with prejudice has the same practical effect as a Rule 12(b)(6) dismissal on the merits—finality of the case and a res judicata bar to further litigation. However, those same effects are achieved every time a case is dismissed as the result of a private settlement between the parties, and it is clear in this Circuit that such settlements do not confer prevailing party status. *Buckhannon* at 604 n. 7, 121 S.Ct. 1835; *Toms v. Taft,* 338 F.3d 519, 529 (6th Cir.2003). This is because "private settlements do not entail the judicial approval and oversight" necessary to amount to an award of relief by the court. *Buckhannon* at 604 n. 7, 121 S.Ct. 1835.

Under *Buckhannon,* then, it is the nature of and judicial involvement in the outcome, rather than its practical effects, that determine whether one party has prevailed. Simply stated, if a plaintiff who achieves finality in a case by extracting a large monetary settlement from a defendant is not a prevailing party, then neither is the defendant who achieves only finality. Both the plaintiff who receives a large settlement and the defendant who benefits from voluntary dismissal have realized the best practical outcome of their cases, but neither has been awarded relief on the merits by the court. While the effects of a voluntary dismissal may make it "tantamount to" a judgment on the merits, it is

still *not* a judgment on the merits for *Buckhannon's* purposes.

In contrast to *Rogers,* and more on point, the Southern District of New York determined last year that the defendant to a copyright case was not a prevailing party under slightly different circumstances from those now before this Court. In *Chambers v. Time Warner, Inc.,* 279 F.Supp.2d 362 (S.D.N.Y.2003), the plaintiffs' original allegations of federal and state claims were dismissed on the merits by the district court. The Second Circuit Court of Appeals reversed on procedural grounds, and on remand the plaintiffs filed an amended complaint, with the court's permission, which did not allege federal copyright claims against the defendant record companies. The parties entered a stipulation of dismissal for lack of subject matter jurisdiction on the state claims against the record companies, and the record companies sought attorney fees as prevailing parties on the federal copyright claims that had been effectively withdrawn by the plaintiff. The court held that the appellate court's reversal of the dismissal on the merits prevented that from being the basis for prevailing party status. It went on to conclude that the plaintiffs' omission of the copyright claims in their amended complaint was a voluntary act taken in the absence of any judicial determination, oversight or involvement and therefore did not satisfy *Buckhannon's* requirements for prevailing party status.

■ Similarly, the voluntary dismissal taken under Rule 41(a)(1) in the present case did not entail any determination, oversight or involvement by the court, aside from the perfunctory act of entering judgment to terminate the case. This resolution simply cannot constitute the judicially sanctioned change in the parties' legal relationship required by *Buckhannon*

in order for one party to prevail over the other.[1]

The Sixth Circuit has not squarely addressed the question at issue. On appeal in the *Rogers* case, the court avoided the issue by finding that even if the defendant was a prevailing party, the district court had properly exercised its discretion in denying costs for other reasons. *United States v. Alpha Medical, Inc.*, 102 Fed. Appx. 8 (2004), *aff'g United States v. Estate of Rogers*, 2003 WL 21212749. In a previous case, *Roane v. City of Mansfield*, No. 98–4560, 2000 WL 1276745 (6th Cir. Aug.28, 2000), a split panel held that the district court erred in awarding the defendant attorney fees after a plaintiff voluntarily dismissed his 42 U.S.C. § 1983 complaint under Rule 41(a)(2). Judge Clay, writing for the majority, distinguished *Uniflow* by noting that there is a higher standard for recovery of fees by a defendant in civil rights actions than simply prevailing. *Roane* at *2. He went on to comment, however, that the district court had been wrong to award fees not only because it had applied the wrong standard, but also because the defendants had not obtained a decision on the merits of the case. *Id.* Judge Jones wrote a concurring opinion specifically to express his conviction that the defendant *was* a prevailing party by virtue of the plaintiff's voluntary dismissal, despite failing to establish the frivolity necessary to recover fees as a defendant to a civil rights action. *Id.* at *2–3. He specifically relied on the line of cases noted above, which hold that a voluntary dismissal with prejudice "gives the defendant the full relief to which he is legally entitled and is tantamount to a judgment on the merits." *Id.* at *2 (quoting *Schwarz* at 130). In dissenting, Judge Batchelder also concluded that the defendant was a prevailing party. *Id.* at *4. While it appears that two of the three judges on that panel believed that a Rule 41(a)(2) voluntary dismissal made the defendant a prevailing party, that appeal was decided long before and without the benefit of the Supreme Court's guidance in *Buckhannon.*

More recently, in light of *Buckhannon*, the Sixth Circuit in *Toms v. Taft* held that a settlement that resulted from a conference at the district courthouse with the judge's involvement did not bestow prevailing party status to the plaintiff, because "no judicial oversight was involved in enforcing the settlement, and the district court did not issue any order altering the defendant's conduct." *Toms*, 338 F.3d at

---

1. It is noteworthy that the present case is distinguishable from the companion case, *Bridgeport Music, Inc. v. Sony Music Ent., Inc.*, District Court No. 3:01–0698, in which the Court found that defendant Sony was a prevailing party following the plaintiffs' voluntary dismissal of their appeal of summary judgment to the defendants. There the Court granted summary judgment to defendants Sony and EMI on all but one of the plaintiffs' claims. Rather than try the remaining claim, the parties stipulated to a voluntary dismissal of that claim without prejudice, and the plaintiffs appealed the summary judgment. Part of the voluntary dismissal stipulation was that Sony would not claim prevailing party status with regard to the voluntarily dismissed claim in order to claim attorney fees. While the plaintiffs' appeal was pending, they reached a settlement with EMI, and voluntarily dismissed the appeal as to both defendants. Sony then sought attorney fees as the prevailing party with respect to the claims on which it had been awarded summary judgment, and the Court agreed. *See Bridgeport Music, Inc. v. Sony Music Ent., Inc.*, No. 03–5742, 2004 WL 1544347 at *3, (6th Cir. June 30, 2004) (vacating fee award on other grounds). In that case it was not the plaintiffs' voluntary dismissal of either the sole claim in the district court or the appeal that conferred prevailing party status on Sony, but the Court's summary judgment adjudication in its favor, which remained in effect upon withdrawal of the plaintiffs' appeal.

529. The court cited *Buckhannon's* requirements of "judicially sanctioned change" and "judicial imprimatur" and interpreted *Buckhannon* to mean that "only 'enforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees.'" *Id.* at 528–29 (quoting *Buckhannon* at 604, 121 S.Ct. 1835). A stipulation of dismissal requiring no court approval or enforcement surely does not fit within that category.

## B. Policy Considerations

Even beyond the "judicial imprimatur" language of *Buckhannon,* the Supreme Court's reasoning in that case further supports the conclusion that a defendant is not a prevailing party by virtue of a voluntary dismissal. First, part of the Court's rationalization for rejecting the catalyst theory was that it might have an unfortunate deterring effect on defendants from voluntarily altering their conduct. *Buckhannon* at 608, 121 S.Ct. 1835. Likewise, awarding prevailing party status and attorney fees to the defendant in cases such as this one would undoubtedly discourage plaintiffs from taking voluntary dismissals, an effect that would serve neither the parties' long term interests nor the court's docket. The Court acknowledges the defendants' concern that rogue plaintiffs might intentionally file frivolous complaints and subject defendants to lengthy litigation then avoid attorney fees by voluntarily dismissing the action just before a judgment on the merits. However, there are other forces at play to minimize if not eliminate that risk, including the plaintiff's own litigation costs, Rule 12 motions, and in truly egregious cases, Rule 11 sanctions. Moreover, a defendant who has answered a complaint may refuse to stipulate to the Rule 41(a)(1) dismissal and force the plaintiff to seek the Court's permission to dismiss under Rule 41(a)(2). While it is an abuse of discretion for a Court to refuse to grant such a dismissal with prejudice, *Smoot v. Fox,* 340 F.2d at 302–03, Rule 41(a)(2) authorizes the Court to impose proper terms and conditions, which might include a fee arrangement in appropriate cases.

Second, the Court reiterated the position that attorney fee requests should not result in a second major litigation. *Id.* at 609, 121 S.Ct. 1835. If the catalyst theory is an untenable basis for fee recovery in part because it "would require analysis of the defendant's subjective motivations in changing its conduct," *Id.,* then the voluntary dismissal basis is equally untenable because it would require analysis of a plaintiff's reasons for abandoning its action.[2] As the Fifth Circuit has noted, abandonment of a claim does not always indicate lack of merit, and should not necessarily be deterred:

> Many circumstances may influence a plaintiff to voluntarily dismiss his claim with prejudice.
>
> \*   \*   \*   \*   \*   \*
>
> This type of strategic decision reveals nothing about the merits of a plaintiff's case . . . .
>
> \*   \*   \*   \*   \*   \*

**2.** It is precisely this sort of post-judgment evaluation of the merits and motivation for voluntary dismissal that has taken place in other jurisdictions in cases decided either before or without any reference to *Buckhannon.* See *Silberstein v. Digital Art Solutions, Inc.,* No. 02CV8187GBD, 2003 WL 21297291 (S.D.N.Y. June 4, 2003) (no reference to *Buckhannon*); *Great Am. Fun Corp. v. Hosung N.Y. Trading, Inc.,* No. 96CV2986, 1997 WL 129399, at \*2 (S.D.N.Y. March 21, 1997); *Dean v. Riser,* 240 F.3d 505 (5th Cir.2001) (decided three months before *Buckhannon*).

Moreover, a plaintiff whose claim appeared meritorious at the onset may encounter various changes in his litigation posture during the unpredictable course of litigation. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Should such events create insurmountable problems of proof for the plaintiff, voluntarily withdrawing the complaint with prejudice would be the prudent thing to do. However, to hold that in such circumstances the defendant necessarily prevails would penalize the plaintiff for doing precisely what should be done.

*Dean v. Riser*, 240 F.3d at 510 (internal citations omitted) (going on to require examination of plaintiff's motive for voluntary dismissal in determining whether a § 1988 defendant was a prevailing party). A plaintiff's abandonment of a case in order to re-focus time and resources for more profitable claims or for any number of other reasons surely does not render the defendant a prevailing party; and it would be a significant drain on the Court's time to engage in what amounts to a ruling on the merits in order to decide a fee request in a case that is already dismissed. Indeed, this problem is already being borne out in the parties' pending arguments in this matter: the defendants insist that the plaintiffs' claims were patently unsound from the beginning and were abandoned in order to avoid judgment on the merits once it became clear the defendants would not settle; on the contrary, the plaintiffs assert that they jettisoned this case so that they can focus on other pending claims that do not entail the time-consuming and profit-draining side issues present in this case. In order to choose sides in this dispute, the Court would be required to expand the record and delve into a detailed analysis of facts not yet even before the Court, precisely the sort of second litigation frowned upon by *Buckhannon.*

■ In conclusion, the Court finds the defendants are not prevailing parties in this matter, in light of the Supreme Court's pronouncement in *Buckhannon* that a party does not prevail for the purpose of fee-shifting in the absence of some judicially imposed relief in favor of that party. The defendants have cited no post-*Buckhannon* law in support of their position; contrary to their assertion, it is clear within this circuit that all federal fee-shifting statutes are to be governed by *Buckhannon* with respect to what constitutes a prevailing party, and that *Buckhannon's* import is not limited strictly to rejection of the catalyst theory for recovery. *See Chambers v. Ohio Dept. of Human Svcs.*, 273 F.3d 690, 692 n. 1 (6th Cir.2001) (all fee-shifting statutes to be treated consistently); *Toms v. Taft*, 338 F.3d 519 (6th Cir.2003) (applying *Buckhannon* to private settlement); *but see Barrios v. California Interscholastic Fed'n*, 277 F.3d 1128, 1134 n. 5 (9th Cir.2002) (limiting *Buckhannon* to catalyst theory and refusing to apply it to private settlement).

## III. APPLICATION OF FOGERTY FACTORS

■ Alternatively, even if the defendants were found to be prevailing parties in this matter, the Court opts to exercise its discretion by declining to award them fees and costs in this matter. The Supreme Court has made clear that fees are awarded to prevailing parties under the Copyright Act only as a matter of the court's discretion. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). Factors to consider in this context include frivolousness, motivation, objective unreasonableness (factual and legal), and the need to advance considerations of compensation and deterrence.

*Id.; Coles v. Wonder,* 283 F.3d 798, 803–04 (6th Cir.2002).

Early in this case the Court evaluated the First Amended Complaint and found that it adequately pleaded violations of federal law against the defendants. (Order entered November 6, 2001; Docket Entry No. 20). While the defendants continue to maintain that the plaintiffs' claims were factually unreasonable for a variety of reasons, they do not dispute that the plaintiffs wrote to them prior to filing suit in an effort to inquire into the very facts at issue, and that the defendants did not respond. As the Court indicated at the October 12, 2004 hearing on this matter, there is certainly no legal requirement that the defendants work with a potential plaintiff to clarify copyright issues. Refusal to do so, however, does tend to undercut their claims regarding the plaintiffs' motivations and unreasonableness.

This refusal also bolsters the Court's conclusion, discussed above, that the deterrence and compensation factors do not carry the day for the defendants. Perhaps when a defendant has documents in hand or simple explanations that could spare it the months of litigation and tens of thousands of dollars in costs of which it now complains, it bears some of the risk for refusing to produce them. The Western District of Texas would apparently agree, as evidenced by its own analysis in a copyright action under similar circumstances:

> It was not until the lawsuit had been on file for many months that [the defendant] advanced his theory that his version of the song had been created first. When [the plaintiff] obtained this evidence and engaged in a small amount of informal discovery, he decided to dismiss his case with prejudice. Under the circumstance, [the plaintiff] acted reasonably. The Court, therefore, recommends that the lawsuit be dismissed

with prejudice and all motions for attorneys fees and costs be DENIED.

*Hodges v. Jackson,* No CIVASA97CA0266, 1997 WL 33139040, at *3 (W.D.Tex. Dec.24, 1997).

Finally, a stipulation of dismissal with prejudice is clearly a much lesser degree of success than a judicial vindication of the defendants' position. For all of these reasons, the Court denies the defendants' motion for costs and fees, regardless of whether they are properly considered the prevailing parties in this matter.

## IV. CONCLUSION

In light of the foregoing, the defendants' motion for costs and fees will be denied, and the plaintiffs' motion for summary denial will be granted.

An appropriate order will enter.

### ORDER

This matter is before the Court on the defendants' motion (filed May 13, 2004; Docket Entry No. 84) for attorney fees and costs, to which the plaintiffs have responded. (Filed August 6, 2004; Docket Entry No. 98). Also pending is the plaintiffs' cross motion (filed May 21, 2004; Docket Entry No. 89) for summary denial of the defendant's motion for fees, to which the defendants have responded (filed May 28, 2004; Docket Entry No. 91) and the plaintiffs have replied. (Filed June 3, 2004; Docket Entry No. 94).

In accordance with the contemporaneously entered memorandum, the defendants' motion is denied, and the plaintiffs' motion is granted. No costs or fees shall be awarded to the defendants in this matter.

It is so ORDERED.