**DWG CORPORATION, Third–Party Plaintiff–Appellee,**

v.

**GRANADA INVESTMENTS, INC., et al., Counterdefendants and Third–Party Defendants,**

**Fairview Financial Corporation, G.H. Enterprises, Inc., Peter F. Pellulo, Global Financial Corporation, and Leonard A. Pellulo, Third–Party Defendants–Appellants.**

No. 91–3298.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 20, 1992.

Decided April 30, 1992.

Dennis J. Block (argued), Irwin H. Warren, Weil, Gotshal & Manges, New York City; Norman S. Jeavons (briefed), Wayne C. Dabb, Thomas H. Shunk, Baker & Hostetler, Cleveland, Ohio; Lawrence A. Blatte, Kevin P. Groarke, Martin Rosen, Henry W. Hocherman, Rosen & Reade, New York City; Daniel P. Mascaro, Cleveland, Ohio; Paul P. Eyre, Cleveland Heights, Ohio; and John P. Witri, Lakewood, Ohio, for plaintiff-appellee.

Anthony G. Covatta (argued and briefed), Graydon, Head & Ritchey, Cincinnati, Ohio, for defendants-appellants.

Before: RYAN and SUHRHEINRICH, Circuit Judges; and CHURCHILL, Senior District Judge.*

## ORDER

This case arises out of the securities fraud litigation consolidated and heard separately in *Granada v. DWG*, 962 F.2d 1203. The present matter is an appeal by third-party defendants ("the Pellulo group") from a district court order granting third-party plaintiff DWG's motion for voluntary dismissal of claims against the Pellulo group. Fed.R.Civ.P. 41(a)(2). The order was silent regarding the Pellulo group's motion for costs and attorney fees.

■ Two issues are presented. First, the Pellulo group relies on what it describes as a nearly universal requirement that voluntary dismissals are to be accompanied by payment of defense costs. In fact, no such requirement or rule exists in this or in any other Circuit. Although courts frequently impose defense costs on plaintiffs granted a voluntary dismissal, no circuit court has held that such costs are mandatory. *Stevedoring Services of America v. Armilla Intern.*, 889 F.2d 919, 921 (9th Cir.1989). As a matter of law, then, defense costs need not be awarded.

■ Second, the Pellulo group assigns error to the district court's muteness on their motion for attorney fees. The dismissal of a plaintiff's complaint under Fed. R.Civ.P. 41(a)(2) is within the sound discretion of the court and is reversible only for abuse of discretion.

The difficulty we face is that the court's silence prohibits us from examining the soundness of its discretionary judgment. There may well be convincing reasons for denying the motion for costs. But unless such grounds are made explicit we cannot know for sure.

A nearly identical situation confronted the D.C. Circuit in *Taragan v. Eli Lilly and Co., Inc.*, 838 F.2d 1337 (D.C.Cir.1988). In *Taragan*, the district court failed to explain why it rejected appellant's motion to condition the dismissal on payment of attorney fees. The appellate court—unable to evaluate the district court's thinking in order to determine abuse of discretion—remanded the case for a fuller statement of reasons. *Id.* at 1339. *See also McCants v. Ford Motor Co.*, 781 F.2d 855 (11th Cir. 1986) (court was unable to evaluate the district court's exercise of discretion without a record of the factors it took into consideration).

We regard *Taragan*'s reasoning as controlling here. In order to assess the court's discretion we require some evidence of the content of its reasoning. The case is remanded to the district court for a more complete statement of the court's reasons for rejecting the Pellulo group's motion for costs and fees.

---

* The Honorable James P. Churchill, United States Senior District Judge for the Eastern District of Michigan, sitting by designation.