*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0118p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

BRIDGEPORT MUSIC, INC. et al.,

　　　　　　　*Plaintiffs-Appellees,*

　　*v.*

UNIVERSAL-MCA MUSIC PUBLISHING, INC. et al.,
　　　　　　　*Defendants-Appellants.*

Nos. 05-5719/5720/5724/
5726/5728/5729/5730/5731/5732/
5733/5734/6283/6284/6285/6286/
6287/6288/6289/6290/6291

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
Nos. 01-00795; 01-00917; 01-00986; 01-01055; 01-01141; 01-01151; 01-01160; 01-01166;
01-01137; 01-01016; 01-01040; 01-00838; 01-00840; 01-00873; 01-00914; 01-01052;01-01104;
01-01115; 01-01126; 01-01158—Thomas A. Higgins, District Judge.

Argued: March 14, 2007

Decided and Filed: March 30, 2007

Before: NORRIS, GILMAN, and McKEAGUE, Circuit Judges.

---

## COUNSEL

**ARGUED:** Russell J. Frackman, MITCHELL SILBERBERG & KNUPP, Los Angeles, California,
for Appellants. Richard S. Busch, KING & BALLOW, Nashville, Tennessee, for Appellees.
**ON BRIEF:** Russell J. Frackman, Marc E. Mayer, MITCHELL SILBERBERG & KNUPP, Los
Angeles, California, Philip M. Kirkpatrick, STEWART, ESTES & DONNELL, Nashville,
Tennessee, for Appellants. Richard S. Busch, KING & BALLOW, Nashville, Tennessee, for
Appellees.

---

## OPINION

---

　　　　RONALD LEE GILMAN, Circuit Judge. Bridgeport Music, Inc. and Southfield Music, Inc.
(collectively, Bridgeport) filed suit against approximately 800 defendants involved in the record and
music-publishing business, alleging various claims of copyright infringement. After conceding the
weakness of its claims against the 20 defendants named in this appeal (collectively, the appellants),
but not before the parties had expended significant time and money in discovery and other forms of
trial preparation, Bridgeport moved to voluntarily dismiss without prejudice its actions against them.
The appellants agreed to the dismissals, but asked the district court to impose reasonable "terms and
conditions" in entering the judgment, specifically in the form of attorney fees.

1

Nos. 05-5719/5720/5724/5726/
5728/5729/5730/5731/5732/5733/
5734/6283/6284/6285/6286/6287/
6288/6289/6290/6291

*Bridgeport Music et al. v.
Universal-MCA Music
Publishing et al.*

Page 2

In nearly identical, three-sentence orders granting the voluntary dismissals without prejudice, the district court failed to provide any reason for its decision to deny the appellants' request. It instead ordered "each party to bear its own attorneys' fees and costs." For the reasons set forth below, we **VACATE** the judgment of the district court and **REMAND** the case for a more detailed order specifically addressing the appellants' request for reasonable terms and conditions relating to the dismissal of Bridgeport's complaints.

## I. BACKGROUND

The appellants are affiliated record and/or music-publishing companies. Bridgeport is also a music-publishing company. Its initial complaint was nearly 1,000 pages long and contained approximately 500 separate counts set forth in more than 5,200 paragraphs. Deeming the case in its original form "unmanageable," the district court ordered the action severed into more than 470 separate actions, only 20 of which are at issue in this appeal. These 20 actions were among more than 110 separate complaints served on the appellants in September of 2001. Intensive litigation among all of the parties—replete with multiple discovery requests, court appearances, and motions for summary judgment—continued until February of 2002, when the district court ordered a stay to allow for the resolution of the first 10 cases, none of which are at issue here. Other than a temporary lifting of the stay authorized in early 2003 in an attempt to have the parties to the present appeal settle, the stay remained in place for more than two years.

The district court lifted the stay in March of 2004 as to 40 more of the actions, including 4 of the 20 cases at issue here, to allow for further discovery. For the same reason, the court lifted the stay in September of 2004 as to an additional 60 cases, including the other 16 cases at issue in this appeal. During the course of discovery, Bridgeport moved to voluntarily dismiss without prejudice the 20 cases in question pursuant to Rule 41(a)(2). Rule 41(a)(2) provides in pertinent part as follows: "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court *and upon such terms and conditions as the court deems proper.*" Fed. R. Civ. P. 41(a)(2) (emphasis added).

The Rule 41(a)(2) motions came in stages. Bridgeport initially moved to dismiss only 3 of the 20 cases in December of 2004. It did not move to dismiss any of the remaining 17 cases until February of 2005, and then proceeded piecemeal until the end of May of that year. As grounds for the dismissals, Bridgeport conceded that its claims against the appellants were without merit, barred by the statute of limitations, or, more typically, some combination of both. In its motions, Bridgeport also requested that the district court, in entering the dismissals, order "each side to bear their own fees and costs."

The appellants opposed this request, urging that the dismissals be conditioned on the imposition of appropriate "terms and conditions" pursuant to Rule 41(a)(2). Specifically, the appellants requested that the district court choose one of the following two terms and conditions: (1) dismissal with prejudice, accompanied by an explicit designation of the appellants as "prevailing parties," or (2) dismissal without prejudice, but with a condition requiring Bridgeport to pay reasonable attorney fees and costs to the appellants. This request was based upon language found in the district court's earlier order denying a motion for attorney fees filed by related defendants pursuant to 17 U.S.C. § 505 (the fee-shifting provision of the Copyright Act). *See Bridgeport Music, Inc. v. London Music, U.K.*, 345 F. Supp. 2d 836 (M.D. Tenn. 2004). In that case, which involved stipulated dismissals *with* prejudice, the court had advised the defendants that fees in subsequent related cases might be available pursuant to the discretionary "terms and conditions" clause of Rule 41(a)(2) of the Federal Rules of Civil Procedure. *Id.* at 841.

Siding again with Bridgeport, however, the district court in the present cases entered the voluntary dismissals in nearly identical one-page orders, which read in pertinent part as follows:

> The plaintiffs' motion . . . to dismiss this action as to the defendants . . . is granted. This action is dismissed without prejudice as to the defendants . . . . The parties shall bear their own attorney fees and costs.

Eight of the 20 orders contained a footnote in which the court acknowledged having "considered the plaintiffs' memorandum . . . and the defendants' reply." The district court never held a hearing on Bridgeport's motions to dismiss nor explained its rulings. This timely appeal followed.

## II. ANALYSIS

The entirety of Bridgeport's argument for affirmance rests on a single contention—namely, that "this Court can readily ascertain the lower court's justification [for granting the voluntary dismissals without prejudice] by reviewing the record as a whole." In its brief, Bridgeport fleshes out this claim only marginally, arguing that

> the justification upon which the district court granted all 20 motions is ascertainable from the record as a whole, and it shows that the orders, as written, do not constitute an abuse of discretion. The entire record before this Court shows the basis upon which the district court rendered its decision from which this Court may conclude that the lower court properly exercised its discretion in granting dismissals without prejudice or conditions.

This argument, which essentially asks us to engage in a de novo review, is unavailing. As Bridgeport concedes, we must apply the abuse-of-discretion standard in reviewing the district court's judgment ordering an unconditional dismissal without prejudice pursuant to Rule 41(a)(2). *See Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). This deferential standard by definition precludes us from doing what Bridgeport requests—a searching review of "the record as a whole."

Precedent also supports a remand. This court, as well as numerous other federal courts of appeal, has remanded when confronted with similarly cursory district court orders. *See, e.g., DWG Corp. v. Granada Invs., Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992) (reversing and remanding the denial of the defendant's motion for costs and attorney fees following a Rule 41(a)(2) voluntary dismissal where "the court's silence prohibits us from examining the soundness of its discretionary judgment"); *McCants v. Ford Motor Co.*, 781 F.2d 855, 860-61 (11th Cir. 1986) ("[T]he district court did not explicitly rule on appellant's request, instead simply denying it by implication by failing to impose or discuss any conditions when the dismissal without prejudice was ordered. As a result, the record now before this court is insufficient to allow us to evaluate the district court's exercise of its discretion in rejecting appellant's request for the attachment of conditions to its order dismissing the case."); *see also Morscott, Inc. v. City of Cleveland*, 936 F.2d 271, 272 (6th Cir. 1991) ("[Plaintiff] claims 'the district court's marginal entry completely failed to set forth any reason for denying [plaintiff's] motion [for attorney fees], which itself, renders the order reversible error.' We agree."); *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) ("[A]lthough leave to amend remains within the sound discretion of the trial court, the lower court must announce some reason for its decision, i.e., exercise discretion, or risk being reversed for an abuse of discretion.").

The only case cited by Bridgeport in support of its "review the record as a whole" argument is *Spar Gas, Inc. v. AP Propane, Inc.*, No. 91-6040, 1992 WL 172129 (6th Cir. July 22, 1992). If anything, however, we believe that *Spar Gas* strengthens the case for remand. This court in *Spar Gas* reviewed two separate aspects of the district court's judgment under the abuse-of-discretion standard: (1) the decision to condition a dismissal without prejudice on the plaintiffs' payment of the defendants' costs and attorney fees, and (2) the amount of fees awarded when the plaintiffs failed to pay in compliance with the court's order, triggering a dismissal with prejudice. *Id.* at *1. Only as to the first of these issues, however, did this court conduct "a careful review of the record" in ultimately concluding that the district court had not abused its discretion. *Id.* Such a review was possible, albeit "far more difficult" than had the district court explained itself, *id.*, only because the record was "perfectly clear" regarding the specific point at issue, as even the dissent conceded. *Id.* at *4 (Nelson, J., dissenting).

Regarding the second issue, however, the *Spar Gas* court declined to review the record, which presumably was less clear as to the justification for the amount of fees awarded by the district court. *Id.* at *3. In vacating the decision to award attorney fees and remanding the case for a fuller "explanation" on that particular issue, *Spar Gas* explicitly reconfirmed the principle previously articulated by this court in *DWG Corp.* that "the district court must at least state the reasons" for its decision regarding attorney fees. *Id.* at *3 (citing *DWG Corp.*, 962 F.2d at 1202). The court in *Spar Gas* left no doubt that it was directly relying on *DWG Corp.* and *not*, as Bridgeport here necessarily suggests, overruling it:

> We read *DWG* as holding that the failure [of the district court in that case] to address the motion for fees constituted a rejection of the motion, and while such a rejection would be within the sound discretion of the trial court, that court would be required to provide some reason for the rejection of the motion in order to enable the appellate court to evaluate the exercise of the trial court's discretion.
>
> Certainly the granting of $99,000 in attorneys' fees [by the district court in *Spar Gas*] would require at least the same degree of explanation as the denial of a motion for attorneys's [sic] fees where both are in relation to a motion for voluntary dismissal without prejudice.

*Id.* at *3 n.4.

In the present case, the appellants are therefore correct in asserting that "*Spar Gas* cannot be read in any way to contradict, distinguish, or modify the numerous published cases that clearly require that the district court supply some statement justifying or explaining the exercise of its discretion." And even if *Spar Gas* could be read to carve out an exception to this rule, that exception would be inapplicable here both because the voluminous record is far from "perfectly clear" regarding the issue of the appellants' entitlement to attorney fees and because that issue is hotly disputed by the parties. This court's words in *DWG Corp.* bear repeating:

> The difficulty we face is that the court's silence prohibits us from examining the soundness of its discretionary judgment. There may well be convincing reasons for denying the motion for costs. But unless such grounds are made explicit we cannot know for sure.

962 F.2d at 1202.

Nos. 05-5719/5720/5724/5726/
5728/5729/5730/5731/5732/5733/
5734/6283/6284/6285/6286/6287/
6288/6289/6290/6291

*Bridgeport Music et al. v.
Universal-MCA Music
Publishing et al.*

Page 5

Echoing its brief, Bridgeport insisted at oral argument that the district court's refusal to impose terms and conditions was "necessarily" based on that court's "novel" intervening ruling in the *Rhyme Syndicate* case, later affirmed on other grounds by this court in *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615 (6th Cir. 2004). In that case, the same district judge granted the defendants' motion for summary judgment against Bridgeport, concluding that "the receipt of income from the sale of infringing products within the [statute-of-]limitations period, by a party who does not manufacture, distribute, or sell the infringing product (but who did provide a license), would not constitute direct or contributory infringement." *Id.* at 620 (summarizing the district court's opinion). The court in *Rhyme Syndicate* also awarded attorney fees to the defendants. *Id.*

Bridgeport now argues that the adverse *Rhyme Syndicate* ruling provided much of the impetus for its decision to voluntarily dismiss the cases at issue in the present appeal—and, more pertinent, that the district court was "necessarily" aware of Bridgeport's motivation at the time the court denied the present defendants' motions for terms and conditions. Because the court's *Rhyme Syndicate* decision appears in the record, moreover, Bridgeport maintains that a remand is not necessary.

But the fact remains that agreeing with Bridgeport would require us to engage in pure speculation. To reiterate, the district court provided *no* reasons whatsoever to support its decision not to impose terms and conditions, much less a citation to *Rhyme Syndicate* specifically. The appellants, moreover, strongly contest Bridgeport's claim that *Rhyme Syndicate* provides an adequate basis for us to dispose of this case on appeal. And, most worrisome of all, Bridgeport itself concedes that only 15 of the 20 cases at issue here were "directly impacted" by the district court's decision in *Rhyme Syndicate*. What, then, of the other five cases? Our job when applying the abuse-of-discretion standard of review cannot be properly performed by simply parsing the record and making speculative determinations.

We agree with Bridgeport that Rule 41(a)(2) of the Federal Rules of Civil Procedure is not a fee-shifting statute like § 505 of the Copyright Act, to which the factors set forth in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), apply. It is nonetheless a discretionary procedural rule that explicitly allows a district court to impose terms and conditions upon a voluntary dismissal "as the court deems proper." Fed. R. Civ. P. 41(a)(2). For the purposes of appellate review, therefore, the district court must provide some indication as to why it exercised its discretion as it did. We do not mean to imply that the district court's ultimate decision in the present cases is wrong on the merits—an issue as to which we reserve judgment—but instead that, standing alone, it is unjustified.

### III. CONCLUSION

For all of the reasons set forth above, we **VACATE** the judgment of the district court and **REMAND** the case for a more detailed order specifically addressing the appellants' request for reasonable terms and conditions relating to the dismissal of Bridgeport's complaints.