*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 09a0369p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

BRIDGEPORT MUSIC, INC., et al.
          *Plaintiffs-Appellees,*

          *v.*

UNIVERSAL-MCA MUSIC PUBLISHING, INC.,
et al.,

          *Defendants-Appellants.*

Nos. 08-5254/55/56/57/58/59/
60/61/62/63/64/65/66/67/68/
69/70/71/72/73

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
Nos. 01-01160/51/66/58/41/37/26/15/04; 01055/52/40/16;
00986/17/14; 00873/40/38; 00795—Todd J. Campbell, Chief District Judge.

Argued:  October 8, 2009

Decided and Filed:  October 21, 2009

Before:  MARTIN, GUY, and McKEAGUE, Circuit Judges.

_____

### COUNSEL

**ARGUED:**  Russell J. Frackman, MITCHELL, SILBERBERG & KNUPP LLP, Los Angeles, California, for Appellants.  Richard S. Busch, KING & BALLOW, Nashville, Tennessee, for Appellees.  **ON BRIEF:**  Russell J. Frackman, Marc E. Mayer, MITCHELL, SILBERBERG & KNUPP LLP, Los Angeles, California, Philip M. Kirkpatrick, DICKINSON WRIGHT, Nashville, Tennessee, for Appellants.  Richard S. Busch, KING & BALLOW, Nashville, Tennessee, for Appellees.

_____

### OPINION

_____

     RALPH B. GUY, JR., Circuit Judge.  Ten Universal-affiliated defendants, all record and music publishing companies, have appealed a second time from the district court's decision to deny the defendants' request that attorney fees be imposed as a condition of granting plaintiffs' motions to voluntarily dismiss without prejudice the twenty cases at issue pursuant to Fed. R. Civ. P. 41(a)(2).  We remanded the matter after the first consolidated

1

Nos. 08-5254/55/56/57/58/59/60/
61/62/63/64/65/66/67/68/69/70/
71/72/73

*Bridgeport Music, et al. v.
Universal-MCA Music Publ'g, et
al.*

Page 2

appeal "for a more detailed order specifically addressing the [defendants'] request for reasonable terms and conditions relating to the dismissal of [plaintiffs'] complaints." *Bridgeport Music, Inc. v. Universal-MCA Music Publishing, Inc.*, 481 F.3d 926, 927-28 (6th Cir. 2007). Reviewing the orders entered after remand, we reject defendants' contention that the district court abused its discretion either by failing to provide specific reasons for its decision, or by deciding not to impose attorney fees as a condition of dismissal under Rule 41(a)(2). The judgments are affirmed.

## I.

The claims involved in this appeal were originally asserted in a single action filed in May 2001 by the related entities Bridgeport Music, Southfield Music, Westbound Records, and Nine Records, alleging 500 separate counts of copyright infringement and various state law claims against approximately 800 defendants relating to the use of samples in new rap recordings. As many of our decisions have chronicled, the district court severed that action into 477 separate actions in August 2001—106 of which were brought against one or more of the Universal-affiliated defendants. In February 2002, after a period of intensive litigation, the district court stayed the proceedings in all but ten of the cases. While those first ten cases were vigorously litigated and appealed—including motions for attorney fees by prevailing defendants under 17 U.S.C. § 505—the rest of the cases were stayed except for a brief period to allow for settlement discussions in early 2003.[1]

The district court lifted the stay with respect to approximately 100 of the remaining cases in 2004—including the twenty cases at issue—for the limited purpose of allowing the exchange of written discovery. Specifically, the stay was lifted as to four of the twenty cases in March 2004, and as to the other sixteen cases in September 2004. Written discovery was exchanged in some of those cases, and plaintiffs offered to dismiss a number of the cases with prejudice under Rule 41(a)(1). Defendants would not

---

[1]The fee shifting provisions of the Copyright Act allow an award of fees to prevailing defendants on equal footing with prevailing plaintiffs, but requires the weighing of the *Fogerty* factors discussed and applied with varying results in five prior appeals. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) ("nonexclusive" factors include frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence).

Nos. 08-5254/55/56/57/58/59/60/
61/62/63/64/65/66/67/68/69/70/
71/72/73

*Bridgeport Music, et al. v.
Universal-MCA Music Publ'g, et
al.*

Page 3

stipulate to the dismissals, however, apparently because the district court had ruled in other *Bridgeport* cases that a voluntary dismissal with prejudice would not establish prevailing-defendant status for the purpose of seeking attorney fees. *See Bridgeport Music, Inc. v. London Music, U.K.*, 345 F. Supp.2d 836 (M.D. Tenn. 2004), *aff'd* 226 F. App'x 491 (6th Cir. 2007) (affirming but expressly declining to decide whether voluntary dismissal with prejudice satisfied prevailing-party test).

On various dates between December 2004 and May 2005, plaintiffs filed motions to dismiss each of the twenty cases without prejudice and asked that the parties be ordered to bear their own costs and fees. Defendants opposed the motions and requested that the district court either (1) dismiss the complaints with prejudice and an explicit designation of defendants as "prevailing parties," or (2) dismiss the complaints without prejudice on the condition that plaintiffs be ordered to pay defendants' reasonable attorney fees and costs. Without holding a hearing or articulating its reasons, the district court entered twenty cursory orders granting plaintiffs' motions for voluntary dismissal without prejudice and stating that the parties would bear their own costs and fees.

Defendants appealed, and this court concluded that the district court's failure to articulate *any* reasons for its decision precluded appellate review for abuse of discretion. Vacating the judgments, the matter was remanded "for a more detailed order specifically addressing the [defendants'] request for reasonable terms and conditions relating to the dismissal of [plaintiffs'] complaints." 481 F.3d at 931. This court expressly noted, however, that the decision to remand was not meant to imply that the district court was wrong on the merits.

On remand, the cases were referred to a magistrate judge who was familiar with the litigation. Defendants filed a motion seeking attorney fees as a condition of dismissal under Rule 41(a)(2). Plaintiffs responded in opposition, and further briefing was provided with specific case-by-case analysis. After a full hearing, the magistrate judge recommended that the defendants' motions be denied. The magistrate judge, who noted his involvement in the litigation since its inception, observed that neither plaintiffs

Nos. 08-5254/55/56/57/58/59/60/
61/62/63/64/65/66/67/68/69/70/
71/72/73

*Bridgeport Music, et al. v.
Universal-MCA Music Publ'g, et
al.*

Page 4

nor defendants had been particularly prompt, brief, or clear when dealing with the discovery requests and responses. After identifying some of the factors to be considered, the magistrate judge explained as follows:

> The Magistrate Judge has closely reviewed each of the individual twenty cases and finds that Defendants should not be designated as prevailing parties and should not be awarded payment of attorneys' fees and costs incurred in defending the dismissed actions. The Magistrate Judge fully understands that each case is separate and fees and costs could be awarded in any one of them. However, the Magistrate Judge does not find distinguishing factors in any of these twenty cases. Contrary to the Defendants' contentions, prior to the *Rhyme Syndicate* decision in July 2004, Bridgeport had a reasonable basis for bringing these actions. [*Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615 (6th Cir. 2004)]. Additionally, whether any use was *de minimis* was not raised in any successful motion for summary judgment. Further, in terms of any delay in dismissing these actions, neither side has covered themselves in glory when requesting and responding to discovery. Both sides could have acted quicker and spent less in prosecuting and defending these cases. Therefore, neither party has convinced the Magistrate Judge who is to blame for any delay. Also, while the Defendants repeat their defense mantra of "Bridgeport knew of the existence of prior licenses," the Magistrate Judge notes that the licenses themselves and the literally dozens of entities involved in their creation, ownership, and licensing of each composition make it difficult to determine who owns what without significant discovery taking place for clarification. Further, there was a lengthy stay in discovery in these actions. Additionally, Bridgeport's costs benefit analysis reasoning is a reasonable explanation for dismissal and there is no concrete evidence provided by the Defendants that Bridgeport's litigation strategies were inappropriate. In fact, the Defendants took a firm position that they would litigate the cases. Lastly, while Defendants' supposition that they would have been the prevailing parties had the litigation continued is certainly possible, it is still mere speculation. As such, when reviewing the factors to be considered, the Magistrate Judge finds that the Defendants are not clearly prejudiced by these dismissals. Therefore, Defendants are not entitled to a designation as prevailing parties nor are they entitled [to] an award of attorney fees.

> The Magistrate Judge would note that the argument over fees should not become a secondary litigation that becomes more complex and expensive than the original litigation. The amount of resources the

Nos. 08-5254/55/56/57/58/59/60/
61/62/63/64/65/66/67/68/69/70/
71/72/73

*Bridgeport Music, et al. v.
Universal-MCA Music Publ'g, et
al.*

Page 5

> parties and the Court spent litigating over fees has now likely consumed
> more time and money than the original litigation. Undoubtedly there will
> be another trip to the Sixth Circuit by whoever loses this round of
> litigation. At some point, everyone is entitled to relief from more
> litigation after the dismissal of the original case at issue.

Defendants interposed objections, arguing—as they do now—that the magistrate judge failed to provide a sufficiently specific and detailed order, misapplied the legal standard, and clearly erred in considering and weighing the facts and circumstances of each case. The district court, in separate orders, overruled defendants' objections, adopted the magistrate judge's report and recommendation, and denied defendants' motion for attorney fees in each of the twenty cases at issue. These consolidated appeals followed.

## II.

When an answer or a motion for summary judgment has been served, and not all of the parties who have appeared will stipulate to dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2) (2007).[2] Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. *Id*. A district court's decisions with respect to a motion for voluntary dismissal under Rule 41(a)(2) are reviewed for abuse of discretion. *DWG Corp. v. Granada Invs., Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992); *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994); *see also Duffy v. Ford Motor Co.*, 218 F.3d 623, 629 (6th Cir. 2000) (stating that conditions placed on a Rule 41(a)(2) dismissal are reviewed for abuse of discretion). It is an abuse of discretion for the district court to rely on erroneous findings of fact, apply the wrong legal standard, misapply the correct legal standard, or make a clear error in judgment. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

---

[2]Rule 41(a)(2), which was amended effective December 1, 2007, previously provided that except as provided for in Rule 41(a)(1), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." The Advisory Committee Notes indicate that the 2007 amendments to Rule 41 were intended to be stylistic only.

Nos. 08-5254/55/56/57/58/59/60/
61/62/63/64/65/66/67/68/69/70/
71/72/73

*Bridgeport Music, et al. v.
Universal-MCA Music Publ'g, et
al.*

Page 6

At the outset, defendants argue that the district court abused its discretion by failing once again to sufficiently explain its reasons—on a case-by-case basis—for not requiring the payment of defendants' attorney fees as a condition of dismissal under Rule 41(a)(2). This argument both misreads our prior decision and mischaracterizes the district court's decision. Our remand was based on a determination that the district court's implicit denial of defendants' requests for attorney fees without articulating *any* reasons for the denial precluded review under the abuse-of-discretion standard. 481 F.3d at 930-31. We said that, as in *DWG*: "'The difficulty we face is that the court's silence prohibits us from examining the soundness of its discretionary judgment. There may well be convincing reasons for denying the motion for costs. But unless such grounds are made explicit we cannot know for sure.'" 481 F.3d at 930 (quoting *DWG*, 962 F.2d at 1202). Although the district court's orders on remand remained brief, each order adopted the magistrate judge's findings and conclusions and explicitly denied defendants' request that attorney fees be imposed as a condition of dismissal under Rule 41(a)(2). We have no difficulty concluding that there was individual consideration of the cases and that the record is sufficient to allow appellate review of the soundness of the district court's exercise of its discretion.

Turning to the merits, the purpose of Rule 41(a)(2) is to protect the nonmovant, here the defendants, from unfair treatment. *Grover*, 33 F.3d at 718. "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id*. (citation omitted). In determining whether such prejudice would result, courts typically consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id*.; *see also Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000). A Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice.

Nos. 08-5254/55/56/57/58/59/60/
61/62/63/64/65/66/67/68/69/70/
71/72/73

*Bridgeport Music, et al. v.
Universal-MCA Music Publ'g, et
al.*

Page 7

*LeBlang Motors, Ltd. v. Suburu of Am., Inc.*, 148 F.3d 680, 685 (7th Cir. 1998); *McCants
v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir. 1986).

While such conditions often involve the payment of costs incurred by a
defendant, this court has expressly rejected the contention that the payment of defense
costs is universally required for voluntary dismissal under Rule 41(a)(2). Specifically,
in *DWG*, the defendant relied "on what it describe[d] as a nearly universal requirement
that voluntary dismissals are to be accompanied by payment of defense costs." 962 F.2d
at 1202. This court held, however, that: "In fact, no such requirement or rule exists in
this or in any other Circuit. Although courts frequently impose defense costs on
plaintiffs granted a voluntary dismissal, no circuit court has held that such costs are
mandatory." *Id.* (citing *Stevedoring Servs. of Am. v. Armilla Intern.*, 889 F.2d 919, 921
(9th Cir. 1989)). Likewise, we resist defendants' suggestion in this case that courts
should necessarily require payment of defense costs before allowing a plaintiff to
dismiss under Rule 41(a)(2). Nor are we persuaded that it was an abuse of discretion for
the district court to decide not to require payment of defendants' costs in these cases.

Defendants specifically argue that the district court failed to heed this court's
rejection of a "one-size-fits-all" explanation for plaintiffs' motions to dismiss these cases
under Rule 41(a)(2). Actually, this court rejected the plaintiffs' argument that the
adverse decision in *Rhyme Syndicate* could be a substitute for the district court's
articulation of its reasons—particularly since the plaintiffs had conceded that only fifteen
of the twenty cases at issue were "directly impacted" by the rejection of plaintiffs'
royalty-receipt theory. We asked, "What about the other five cases?" Although the
findings on remand did not specify which cases were impacted by the *Rhyme Syndicate*
decision, it was not an abuse of discretion to reiterate that—as we have also held—the
failed theory was objectively reasonable. *Bridgeport Music, Inc. v. WB Music Corp.*,
520 F.3d 588, 594 (6th Cir. 2008); *Bridgeport Music, Inc. v. Rhyme Syndicate Music*,
376 F.3d 615, 628-29 (6th Cir. 2004). Even defendants do not dispute that the adverse
ruling directly impacted fifteen of the cases, explaining plaintiffs' decision to seek

Nos. 08-5254/55/56/57/58/59/60/
61/62/63/64/65/66/67/68/69/70/
71/72/73

*Bridgeport Music, et al. v.
Universal-MCA Music Publ'g, et
al.*

Page 8

dismissal. Finally, this finding was only part of the rationale adopted by the district court on remand.

Focusing on the other five cases, defendants seem to argue that the claims were not objectively reasonable because one case involved claims subject to a prior settlement agreement; defendants denied owning or administering the allegedly infringing work in two cases; and there were licenses that defendants argued would bar the claims in the other two cases. Plaintiffs responded that the settlement was a matter of contention, that there was an evidentiary basis to believe that defendants had administered the infringing works notwithstanding their denials, and that the licenses defendants relied upon had never been fully executed. It would be speculative to conclude that defendants would have prevailed on a motion for summary judgment when no motion for summary judgment was pending, and plaintiffs had—at the district court's urging—weighed the costs and benefits of continuing to litigate these cases. Nor have defendants shown that it was clear error to find that some discovery was appropriate in order to determine the significance of the licenses on which defendants relied as a bar to the infringement claims.

Defendants also claim that the district court abused its discretion by not considering whether plaintiffs should have dismissed their claims sooner, by failing to analyze the prejudice to defendants, and by giving weight to the defendants' litigation conduct. On the contrary, the district court specifically considered whether there was excessive delay on the part of plaintiffs, and concluded not only that the delay in these cases could not clearly be attributed to plaintiffs alone, but also that plaintiffs' cost-benefit analysis provided a reasonable explanation for seeking dismissal in these cases. Our familiarity with other cases arising out of this litigation confirms our determination that the district court considered these cases individually and did not abuse its discretion in finding that defendants would not suffer prejudice requiring the payment of a pro rata share of attorney fees as a condition for dismissal under Rule 41(a)(2).

**AFFIRMED.**